# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KERRY BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:07CV01786 ERW |
| ) | |
| UNITED STATES PAROLE ) | |
| COMMISSION, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's motion to proceed in forma pauperis and amended "petition for early termination of parole supervision." The Court has reviewed the financial affidavit and will grant the motion to proceed in forma pauperis. 28 U.S.C. § 1915(a). Because petitioner shall be allowed to proceed in forma pauperis, the Court is required to conduct an initial review of the petition and dismiss it if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a person immune to such relief. 28 U.S.C. § 1915(e). The Court has reviewed the petition and has determined that petitioner is not entitled to relief. Consequently, the petition will be summarily dismissed pursuant to 28 U.S.C. § 1915(e).

In 1986, a jury found Brown guilty of robbing a federally insured credit union, using a firearm during the robbery, and transporting stolen money in interstate commerce. Brown v. United States, 68 F.3d 478 (8th Cir. 1995). On December 5, 1986, this Court sentenced Brown to an aggregate term of imprisonment/probation of thirty years. United States v. Brown, 4:86CR100 GFG (E.D. Mo.). At the time petitioner was sentenced, he was eligible for parole under 18 U.S.C. § 4205(b)(2) at such time to be determined by the Parole Commission. Id.

Petitioner alleges that he was released from federal custody on April 16, 2004. Petitioner claims that he was released to the Missouri Department of Corrections pursuant to a Missouri Board of Probation and Parole violation warrant. Petitioner says that he was released by MDOC on February 14, 2005, and placed under parole supervision. Petitioner maintains that his Missouri parole supervision was terminated on February 9, 2007.

**The Petition**

In the instant petition, petitioner argues that 18 U.S.C. § 4210(d) requires that his federal parole supervision be terminated as a result of the termination of his state parole supervision. Section 4210(d) states, "The parole of any parolee shall run concurrently with the period of parole or probation under any other Federal, State, or local sentence." Petitioner interprets this as meaning that the Commission's jurisdiction

is automatically terminated upon termination of any state parole supervision, regardless of the length of the federal sentence that was imposed. Petitioner argues that termination of state parole automatically triggers the early termination provisions in § 4211.

## Discussion

Title 18 U.S.C. §§ 4210 & 4211 are part of the Parole Commission and Reorganization Act ("Parole Act"), 18 U.S.C. §§ 4201-4218 (1984). The Parole Act was repealed effective November 1, 1987. See Sentencing Reform Act of 1984, Pub. L. No. 98-473, §§ 218(a)(5), 235(b)(1)(A), 98 Stat. 1837, 2027 (1984). The law remains in effect, however, as to any individual who committed an offense before November 1, 1987. See Parole Commission Phaseout Act of 1996, Pub. L. No. 104-232, § 2(a), 110 Stat. 3055, 3055 (1996). Because petitioner was convicted in 1986, the Parole Act controls this case.

A district court's jurisdiction over a decision of the United States Parole Commission is limited. E.g., Wajida v. United States, 64 F.3d 385, 388 (8th Cir. 1995). "A Parole Commission decision is substantive, and hence unreviewable, if it involves the exercise of judgment among a range of possible choices or options. However, a federal court retains jurisdiction to determine whether the Commission exceeded its statutory authority or violated the Constitution in making a decision." Id.

(citations and quotation omitted). The Court finds that it has jurisdiction over the petition because petitioner argues that the Commission has exceeded its statutory authority.

Petitioner has not specified under what statutory provision he is bringing the petition. However, the Court will construe the petition as a petition for writ of mandamus pursuant to 28 U.S.C. § 1361 because petitioner seeks an order directing the Parole Commissioner to perform a duty allegedly owed to plaintiff. C.f., Benny v. U.S. Parole Com'n., 295 F.3d 977, 989-990 (9th Cir. 2002) (mandamus proper remedy for petitioner seeking early termination of parole).

Under § 4210(a), "A parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced." Petitioner was sentenced to an aggregate term of thirty years on December 5, 1986. As a result, the Commission's jurisdiction will automatically end on December 5, 2016, unless petitioner is subject to early termination of parole under § 4211 or revocation of parole under § 4214.

Petitioner's interpretation of § 4210(d) is a *non sequitur*. That is, there is no logical relationship between the running of state and federal terms of parole together and the termination of the federal term of parole. Petitioner has failed to argue that any of the terms of § 4211 apply to his case or that he is entitled to a hearing under §

4211(c). As a result, petitioner has failed to show that the Commission's jurisdiction over him has ended, and the amended petition for writ of mandamus shall be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's amended petition for writ of mandamus is **DENIED**.

So Ordered this 29th Day of November, 2007.

											E. RICHARD WEBBER
											UNITED STATES DISTRICT JUDGE